UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>DR. SCHARFFENBERG, et al.,<br><br>Defendants. | 1:16-cv-01675-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF NO. 69) |

Mario Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 20, 2017, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 69).

According to Plaintiff, he needs counsel appointed because he cannot afford counsel, the issues in this case are complex, he has very limited access to the law library, he has no access to the computers in the law library, he has no legal education, and he has medical issues (Plaintiff is legally paralyzed on the left side of his body, is taking heavy pain medication, and will very soon be undergoing surgery).

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

1

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. There is a pending motion to dismiss the case, and while the Court has recommended that the case proceed against some defendants (ECF No. 67), the District Court has not issued its ruling on the findings and recommendations. Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate his claims and respond to court orders.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings. Additionally, the Court notes that if Plaintiff needs any deadlines to be extended, he is free to ask the Court to extend those deadlines.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **March 21, 2017**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE