UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>DR. SCHARFFENBERG et al.,<br><br>Defendants. | No. 1:16-cv-01675-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 64 & 67) |

Plaintiff Mario Amador Gonzalez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed his second amended complaint on June 1, 2016. (Doc. No. 25.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 5, 2016, defendants C.O. Archuleta, Sgt. Chan, Sgt. Devine, R.N. Padilla, Dr. Scharffenberg, Warden Sherman, and R.N. Soto filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 64.) On February 23, 2017, the assigned magistrate judge entered findings and recommendations, recommending that the motion to dismiss be granted in part and denied in part. (Doc. No. 67.) Specifically, the magistrate judge recommended that plaintiff's second amended complaint be allowed to proceed on plaintiff's Eighth Amendment claims against defendants R.N. Soto and Dr. Scharffenberg for deliberate

indifference to serious medical needs. (*Id.*). The magistrate judge recommended that all other defendants and causes of action should be dismissed from this action. (*Id.*) The parties were provided an opportunity to file objections to the findings and recommendations within thirty days. On March 27, 2017, plaintiff filed objections. (Doc. No. 71.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis. In his objections, plaintiff alleged facts that he had not previously alleged in his second amended complaint. Specifically, in his objections plaintiff now alleges that defendant C.O. Archuleta knew that plaintiff was in pain and that plaintiff had showed defendant C.O. Archuleta that he was bleeding. (Doc. No. 71 at 2.) Plaintiff had made no previous mention of his allegation that defendant C.O. Archuleta knew plaintiff was bleeding. Based upon this new allegation, the court finds that it is appropriate that plaintiff be granted further leave to amend his complaint as to his Eighth Amendment claim defendant C.O. Archuleta.[1] The findings and recommendations will otherwise be adopted in full.

Should plaintiff choose to further amend his complaint, any third amended complaint he elects to file should be brief. Fed. R. Civ. P. 8(a). The amended complaint must allege constitutional violations under the law as discussed above. Specifically, plaintiff must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each named defendant may only be found liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676. Plaintiff must also allege facts demonstrating that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to plaintiff's health or safety, which is sufficiently serious. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff is advised that a short, concise statement of

---

[1] Plaintiff is advised that further leave to amend is being granted for the sole purpose of allowing him to amend his complaint with respect to C.O. Archuleta and only concerning the events at issue in this action and not for any other purpose.

2

allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation.

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged—**including the Eighth Amendment claims against defendants R.N. Soto and Dr. Scharffenberg for deliberate indifference to serious medical needs**. The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original, signed under penalty of perjury.

If plaintiff chooses to proceed on his current complaint, the case will proceed only against defendants R.N. Soto and Dr. Scharffenberg.

Accordingly,

1. The February 23, 2017 findings and recommendations (Doc. No. 67) are adopted as indicated above;
2. Defendants' motion to dismiss (Doc. No. 64) is granted in part and denied in part;
3. Plaintiff is permitted to proceed on his Eighth Amendment claims against defendants R.N. Soto and Dr. Scharffenberg for deliberate indifference to serious medical needs;
4. Plaintiff's Eighth Amendment claim against defendant C.O. Archuleta is dismissed with leave to amend and any third amended complaint or notice that plaintiff wishes to proceed only on the claims in his second amended complaint which have found to be cognizable in the February 23, 2017 findings and recommendations shall be filed and served within twenty-one days of the service of this order;

/////
/////
/////

5. All other defendants and causes of action are dismissed from this action without further leave to amend; and
6. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 21, 2017**

_____
UNITED STATES DISTRICT JUDGE