UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARIO AMADOR GONZALEZ,

        Plaintiff,

    v.

DR. SCHARFFENBERG and R.N. S. SOTO,

        Defendants.

Case No. 1:16-cv-01675-DAD-EPG (PC)

DISCOVERY ORDER FOLLOWING
INITIAL SCHEDULING CONFERENCE

Mario Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 4, 2017, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Deputy Attorney General Sean Lodholz and Supervising Deputy Attorney General Jon Allin telephonically appeared on behalf of Defendants.

During the Conference, the parties discussed the relevant documents in this case and their possible locations. In an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of the factors in Federal Rule of Civil Procedure 26(b)(1),[2]

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

1

IT IS ORDERED[3] that:

1. Plaintiff has until November 1, 2017, to serve his initial disclosures on Defendants. As discussed in the Court's prior order (ECF No. 75), Plaintiff shall provide Defendants with "[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information−along with the subjects of that information−that [Plaintiff] may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id. at 2). Plaintiff shall also provide Defendants with a "copy−or a description by category and location−of all documents, electronically stored information, and tangible things that [Plaintiff] has in [his] possession, custody, or control and may use to support [his] claims or defenses, unless the use would be solely for impeachment." (Id.);

2. Defendants have until November 3, 2017, to provide Plaintiff with copies of all medical records they have obtained related to the incident described in the complaint. If Defendants obtain any additional relevant medical records, Defendants shall provide Plaintiff with a copy of those records. If Defendants have an objection to providing any of the medical records to Plaintiff, Defendants shall inform Plaintiff that they are making the objection. Plaintiff may challenge any objection by filing a motion to compel;

3. If Plaintiff obtains relevant medical records beyond what Defendants provide to him, he must provide a copy of those records to Defendants. If Plaintiff has an objection to providing any of the medical records to Defendants, Plaintiff shall inform Defendants that he is making the objection. Defendants may challenge any

---

[3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery.").

objection by filing a motion to compel; and

4. Plaintiff has until November 3, 2017, to provide Defendants with copies of all prison law office correspondence related to this case. If Plaintiff has an objection to providing any of the correspondence to Defendants, Plaintiff shall inform Defendants that he is making the objection. Defendants may challenge any objection by filing a motion to compel.

IT IS SO ORDERED.

Dated:   **October 11, 2017**                    /s/ *Erica P. Grosj*

UNITED STATES MAGISTRATE JUDGE