UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DR. SCHARFFENBERG and R.N. S. SOTO,<br><br>    Defendants. | Case No. 1:16-cv-01675-DAD-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA<br><br>(ECF NO. 81)<br><br>THIRTY DAY DEADLINE |

Mario Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding on Plaintiff's Second Amended Complaint (ECF No. 25) on Plaintiff's "claims against defendants R.N. Soto and Dr. Scharffenberg for deliberate indifference to serious medical needs." (ECF No. 72, p. 3).

On December 21, 2017, Plaintiff filed a motion for the issuance of a subpoena to Mercy Hospital in Bakersfield. (ECF No. 81). Plaintiff states that he wants to get medical records that are in the custody, possession, and control of Mercy Hospital.

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

1

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Here, it appears that Plaintiff is seeking medical records that are relevant to his surviving claims in this case. It further appears that the burden and expense of producing the medical records should be minimal. Thus, the Court shall grant Plaintiff's request and will send him a subpoena *duces tecum* to complete and return.

The Court notes that when completing the subpoena, Plaintiff should identify with specificity the medical records he is seeking, and that the Court may limit the scope of Plaintiff's document request.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena is GRANTED;
2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and
3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **December 26, 2017**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE