UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>DR. SCHARFFENBERG and R.N. S. SOTO,<br><br>Defendants. | Case No. 1:16-cv-01675-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION<br><br>(ECF NOS. 25 & 26)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Mario Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case was initially filed in the United States District Court for the Central District of California. (See ECF No. 1). Magistrate Judge Andrew J. Wistrich issued an order authorizing service on defendants before this case was transferred to the Eastern District of California. (ECF No. 26). As service was not authorized for Defendants Edmund G. Brown Jr., Kelly Harrington, and J. Beard/Scott Kernan,[1] this Court interpreted Judge Wistrich's order as dismissing these defendants. (ECF No. 62, p. 2, n.1).

As described below, in light of Ninth Circuit authority, this Court is recommending that the assigned district judge dismiss defendants consistent with the order by the magistrate judge at the screening stage.

I. **WILLIAMS v. KING**

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a

---

[1] Plaintiff's complaint lists a defendant as "J. Beard/Scott Kernan," "Secretary of C.D.C.R." (ECF No. 25, p. 3).

1

claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, the defendants were not served at the time the magistrate judge issued his order dismissing defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss defendants.

In light of the holding in Williams, this Court will recommend to the assigned district judge that he dismiss the defendants previously dismissed by Judge Wistrich.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id.

2

(quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff alleges in his second amended complaint (ECF No. 25) that on December 9, 2013, at or around 2:30 p.m., Plaintiff was discharged from Mercy Hospital in Bakersfield. Later in the evening, at around 7:30 p.m. Plaintiff was sent to the institution's C.T.C./T.T.A as he "complained of excruciating pain in relations [sic] to [his] catheter." He informed Defendant R.N. Soto that he wanted his catheter removed as he was in great pain and discomfort. Defendant R.N. Soto advised him that Defendant R.N. Soto could not do so without a doctor's order. Plaintiff believes that at that point a doctor's order should have been obtained to remove the catheter. It is his belief that the failure to obtain a doctor's order resulted in permanent injury.

On December 10, 2013, at or around 10:00 a.m., Defendant Dr. Scharffenberg advised Plaintiff that his catheter was to remain in place for one week. Plaintiff complained of excruciating pain and requested that the catheter be removed.

At or around 10:45 a.m. that same day, Defendant R.N. Padilla was ordered by Defendant Dr. Scharffenberg to provide a catheter deflation kit. However, when Defendant R.N. Padilla returned she informed Defendant Dr. Scharffenberg that they did not have the right size deflation syringe kit. Defendant R.N. Padilla then asked Defendant Dr. Scharffenberg, "Would you like me to remove the catheter?"

Defendant Dr. Scharffenberg stated that he himself could do it with the wrong size deflation kit. As Plaintiff complained of excruciating pain, Defendant Dr. Scharffenberg

repeatedly badgered Plaintiff with statements such as "cut the show," "what's with the show," and "you need to be more mature, it's just a catheter."

Defendant Dr. Scharffenberg removed the catheter "knowingly and willingly using the wrong kit." Defendant Dr. Scharffenberg "failed to deflate the balloon valve properly yet he continued. [He] yanked on the catheter when he noticed resistance [he] pushed the catheter further back into [Plaintiff's] penile hole," causing Plaintiff further pain. Plaintiff claims that as a result he sustained permanent injury.

Plaintiff further alleges that at or around 11:00 a.m. Plaintiff informed Defendant C.O. Archuleta that he had a medical emergency, but that Defendant C.O. Archuleta failed to do anything.

At 12:00 p.m. or shortly thereafter, Plaintiff reported to Defendant Sgt. Chan that he had a medical emergency. He was advised by Defendant Sgt. Chan that medical was aware of his condition. However, Defendant Sgt. Chan did not report the medical emergency.

At or around 3:30 p.m. Plaintiff informed Defendant Sgt. Devine of his medical emergency. Defendant Sgt. Devine never reported the emergency.

At or around 4:00 p.m. Plaintiff informed Defendant C.O. Ceja that he was suicidal. Plaintiff states that "this was mental anguish plus desperation to receive help. [He] was bleeding from [his] penile hole and was suffering with pain" and that Defendant "Dr. Scharffenberg was torturing [him] to the point of having suicidal thoughts."

Plaintiff eventually received a Toradol 60 mg injection and was taken to Mercy Bakersfield by ambulance.

Plaintiff alleges that Defendant Warden Sherman "failed to adequately train his staff for medical emergency response. He failed to properly supervise his subordinates as a result [Plaintiff] suffered serious and permanent injury."

Plaintiff alleges that Defendants Edmund G. Brown Jr., Kelly Harrington, and J. Beard/Scott Kernan are responsible for illegal and unconstitutional policies, customs, and practices that caused Plaintiff's injuries, and that these defendants will continue to cause Plaintiff injury in the future.

For relief, Plaintiff requests compensatory and punitive damages for the constitutional violations, as well as for defendants to be accountable for potential "future medical bills requiring surgeries etc. . ." Plaintiff would "like to be returned to the same condition before aforementioned constitutional violations occurred. This includes mental suffering, punitive damages for wrongful conduct oppressively applied with recklessness amounting to said deliberate indifference."

On December 5, 2016, defendants R. Devine, S. Sherman, A. Chan, S. Soto, M. Archuleta, M. Padilla, and R. Scharffenberg filed a motion to dismiss. (ECF No. 64). The motion was granted in part. (ECF No. 72). Plaintiff was "permitted to proceed on his Eighth Amendment claims against defendants R.N. Soto and Dr. Scharffenberg for deliberate indifference to serious medical needs," and all other claims and defendants were dismissed. (Id. at 3-4).[2]

### IV. EVALUATION OF PLAINTIFF'S SECOND AMENDED COMPLAINT

1. Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

---

[2] These findings and recommendations have no effect on the claims and defendants that were dismissed pursuant to the order granting in part the motion to dismiss.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed

to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

2. Analysis

There are no allegations in Plaintiff's complaint that tie Defendant Edmund G. Brown Jr., Kelly Harrington, or J. Beard/Scott Kernan to the constitutional violations alleged in the complaint. Plaintiff does allege that Defendants Edmund G. Brown Jr., Kelly Harrington, and J. Beard/Scott Kernan are responsible for illegal and unconstitutional policies, customs, and practices that caused Plaintiff's injuries, and that these defendants will continue to cause Plaintiff injury in the future, but these are legal conclusions that the Court need not accept as true. Moreover, there are no factual allegations in the complaint that support (even by inference) these legal conclusions.

Accordingly, the Court finds that Plaintiff has failed to state a claim against Defendants Edmund G. Brown Jr., Kelly Harrington, and J. Beard/Scott Kernan.

V.     **CONCLUSION AND RECOMMENDATIONS**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendants Edmund G. Brown Jr., Kelly Harrington, and J. Beard/Scott Kernan be DISMISSED.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file

---

[3] The Court notes that this recommendation has no effect on the claims and defendants that were dismissed pursuant to the order granting in part the motion to dismiss (ECF No. 72).

written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 2, 2018**         /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE