UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. SCHARFFENBERG and R.N. S. SOTO.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01675-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED<br>(ECF NO. 86)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

　　　　Mario Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 5, 2018, Plaintiff filed a motion requesting a temporary restraining order under Fed. R. Civ. P. 65(b) ("the Motion") (ECF No. 86). On January 12, 2018, Defendants filed an opposition to the motion. (ECF No. 88). On February 12, 2018, the Court held a discovery and status conference. Among other things, the Court discussed the Motion. On February 14, 2018, Plaintiff filed his reply. (ECF No. 97).

　　　　The Court construes the Motion as a motion for a preliminary injunction because Defendants were provided with notice of the Motion, because Plaintiff himself at times refers to what he is requesting as a preliminary injunction (see, e.g., ECF No. 86, p. 4), and because the relief Plaintiff is seeking would more appropriately be granted through a request for a preliminary injunction.

1

## I. THE MOTION

According to the Motion, Plaintiff has been suffering retaliation and denial of access to medical care and mental health treatment. Plaintiff alleges that on November 20, 2017, the retaliation of Defendants became worse, and that Plaintiff began receiving threats to his life from Defendants.

On November 26, 2017, Plaintiff was summoned to medical at California State Prison, Los Angeles ("CSPLA"), where he was informed by CDCR Practitioner 01 that she was ordered to terminate Plaintiff's current medical regiment by Authur Blain, who had ordered her to cause Plaintiff as much discomfort as possible for filing lawsuits. Plaintiff's pain medication was then discontinued, even though Plaintiff had recently undergone spinal surgery.

On December 12, 2017, Plaintiff filed a CDC 7362, requesting access to serious medical care, but Defendants maliciously ignored Plaintiff's request.

Plaintiff asks for a 90-day preliminary injunction requiring Plaintiff's medication to be reinstated.

Defendants argue that, while Plaintiff mentions Defendants, his request is actually directed at CDCR Practitioner 01 and Authur Blain, because they are the parties who allegedly inappropriately discontinued Plaintiff's medication. As the events laid out in the Motion are unrelated to the claims in this case, and as the injunction request is directed at non-parties, the Motion should be denied.

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive

relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III.   ANALYSIS

The Court is sympathetic to Plaintiff's plight, but will recommend that the Motion be denied. While the Motion alleges that Defendants are retaliating against Plaintiff, the Motion also alleges that it was Authur Blain who directed CDCR Practitioner 01 to terminate Plaintiff's then current medical regiment. Neither Authur Blain nor CDCR Practitioner 01 are defendants in this case. Accordingly, the Court does not have jurisdiction over them to order them to reinstate Plaintiff's medication.

Additionally, this case involves a medical incident that occurred at Substance Abuse Treatment Facility and State Prison, Corcoran, and Mercy Hospital in Bakersfield, while the allegations in the Motion relate to a completely separate incident regarding medical care at CSPLA. While Plaintiff attempts to connect the incidents by alleging retaliation from Defendants, Plaintiff submitted no evidence that Defendants had any involvement in the alleged denial of Plaintiff's medical care at CSPLA. Moreover, Plaintiff stated on the record at the

discovery and status conference that, in relation to the allegations in the Motion, Defendants did not actually do anything to Plaintiff.

Accordingly, the Motion should be denied.

If Plaintiff has evidence (which can include facts that he has personal knowledge of, sworn to under penalty of perjury) that he is being retaliated against because he is prosecuting this lawsuit, he may bring that to the Court's attention by filing a motion.

If Plaintiff believes he is being retaliated against for exercising his first amendment rights, or that his medical care at CSPLA is constitutionally inadequate, he may file a separate case related to that incident and request an injunction in that case.

## IV. CONCLUSION AND RECOMMENDATION

As Plaintiff's injunction request is aimed at persons who are not defendants in this case, and as the incidents described in the Motion are unrelated to this case, the Motion should be denied.

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Motion be DENIED.

These findings and recommendations will be submitted to the United States district Court judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **twenty-one (21) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **seven (7) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 12, 2018**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE