| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>DR. SCHARFFENBERG and R.N. S. SOTO,<br><br>Defendants. | Case No. 1:16-cv-01675-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>OBJECTIONS TO FINDINGS AND RECOMMENDATIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR VIDEO OF DEPOSITION<br><br>(ECF NO. 109) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Mario Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 5, 2018, Plaintiff filed a motion for video of deposition and for a preliminary injunction ("the Motion") (ECF No. 109).

For the reasons laid out below, the Court will recommend that Plaintiff's request for a preliminary injunction be denied, and will deny Plaintiff's request for a copy of the video of his deposition, without prejudice.

I. **REQUEST FOR PRELIMINARY INJUNCTION**

Plaintiff alleges that his medical and dental treatment has stopped, except for his stomach

1

and depression medication. Plaintiff alleges that the Office of the Attorney General is behind the lack of medical care. Plaintiff requests that he be provided with a T.E.N.S. unit.

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiff's request for a preliminary injunction will be denied. As laid out in the findings and recommendations on Plaintiff's prior motion for a preliminary injunction (ECF No. 100, pgs. 3-4), the Court does not have jurisdiction over non-parties at an institution Plaintiff was not

incarcerated at during the events alleged in the complaint. As to Plaintiff's allegations regarding the Office of the Attorney General, Plaintiff has submitted no evidence to support his allegations.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's request for a preliminary injunction be DENIED.

These findings and recommendations will be submitted to the United States district court judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **twenty-one (21) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **seven (7) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

## II. REQUEST FOR VIDEO OF DEPOSITION

Plaintiff alleges that "alot [sic] of [his] testimony @ deposition is missing or has substituted words or incomplete sentences." (ECF No. 109, p. 1). This concerns Plaintiff, so he requests "a court order to produce the video of [his] deposition so the courts can protect in the interest of justice." (Id.).

Plaintiff's motion will be denied without prejudice. The Federal Rules of Civil Procedure already provide a mechanism for correcting errors in deposition transcripts. Federal Rule of Civil Procedure 30(e) states:

> (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
>   (A) to review the transcript or recording; and
>
>   (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2) Changes Indicated in the Officer's Certificate. The officer must

> note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

As Plaintiff already has a way to note the errors that he has identified, there appears to be no need for the Court to order the video of the deposition to be produced. However, as there may in the future be an issue regarding whether Plaintiff's corrections are accurate, Plaintiff's request will be denied without prejudice to Plaintiff asking for production of the video if it becomes relevant (at this time the transcript has not been submitted to the Court in connection with any motion).

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's request for the video of his deposition is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 9, 2018**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE