UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. SCHARFFENBERG and R.N. S. SOTO,<br><br>                             Defendants. | Case No. 1:16-cv-01675-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA AND REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY DAYS<br><br>(ECF NO. 130) |

       Mario Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 25, 2018, Defendants filed a motion for summary judgment. (ECF No. 123). Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, Local Rule 230(l), but did not do so. On July 30, 2018 (after Plaintiff's time to respond passed), Plaintiff filed a motion requesting the issuance of a subpoena. (ECF No. 130). Plaintiff states that he needs medical records from Tri-City Medical Center to respond to the motion for summary judgment and to show that Defendants are tampering with Plaintiff's access to his medical file.

       Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." While a motion for summary judgment cannot be granted by default, <u>Heinemann v. Satterberg</u>,

1

731 F.3d 914, 916 (9th Cir. 2013), the Court does have other options when a party fails to respond. For example, if Plaintiff fails to respond, the Court may treat the facts asserted by Defendants as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Alternatively, if Plaintiff fails to oppose the motion or file a statement of non-opposition, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order.

Non-expert discovery in this case closed on March 30, 2018 (ECF No. 79, p. 5). Plaintiff's motion does not explain why he waited until after discovery closed to request relevant medical records. As this case is proceeding on claims of deliberate indifference to Plaintiff's medical needs, Plaintiff knew (or should have known) that his medical records would be relevant. Moreover, Plaintiff knew how to request a subpoena, because he requested (and was granted) the issuance of a subpoena for medical records earlier in this case. (See ECF Nos. 81, 82, & 93). As Plaintiff filed his motion for the issuance of a subpoena approximately four months after non-expert discovery ended, and as Plaintiff failed to offer any explanation as to why he did not timely file the motion, the Court will deny Plaintiff's motion for the issuance a subpoena and require him to respond to the motion for summary judgment within thirty days.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the issuance of a subpoena is DENIED;
2. Within thirty days from the date of service of this order, Plaintiff shall file an opposition or a statement of non-opposition to Defendants' motion for summary judgment; and

///
///
///
///
///
///
///

3. If Plaintiff fails to comply with this order, in ruling on Defendants' motion for summary judgment the Court may treat the facts asserted by Defendants in their motion for summary judgment as undisputed. Alternatively, the Court may recommend that this case be dismissed for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **August 6, 2018**       /s/ Erin P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE