UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>       Plaintiff,<br><br>   v.<br><br>DR. SCHARFFENBERG and R.N. S. SOTO,<br><br>       Defendants. | Case No. 1:16-cv-01675-DAD-EPG (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF INDEPENDENT MEDICAL EXPERT<br><br>(ECF NO. 145) |

## I. BACKGROUND

Mario Gonzalez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is now proceeding on Plaintiff's Eighth Amendment claims against defendants R.N. Soto and Dr. Scharffenberg for deliberate indifference to serious medical needs. (ECF No. 94).

On June 25, 2018, Defendants have filed a motion for summary judgment (ECF No. 123), which Plaintiff has not yet opposed.

On September 28, 2018, Plaintiff filed a motion for the Court to appoint an independent medical expert witness (ECF No. 145). Defendants filed their opposition on October 11, 2018. (ECF No. 148). Plaintiff's motion for the Court to appoint an independent medical expert witness is now before the Court.

1

## II. APPOINTMENT OF EXPERT WITNESS

### 1. Plaintiff's Motion

Plaintiff requests that the Court appoint an independent medical expert witness to analyze his medical records that contain surgical procedures that Plaintiff underwent. Plaintiff argues that, as this is a medical case, expert evidence is necessary to establish the required standard of care and to show that Defendants deviated from it.

Plaintiff alleges that Defendants contend that they did nothing wrong, but that Plaintiff's medical records dispute that. Plaintiff alleges that an independent medical expert can offer testimony of Plaintiff's permanent injury from a wrongfully removed catheter. "An expert can present the courts with two ways Plaintiff suffered injury. By yanking on a catheter injury could be an <u>Avulsion</u> while tube catheter was not properly deflated. Another type of injury is where Defendant Scharffenberg shoved the Catheter back into penile hole which is <u>Penetration!</u>" (ECF No. 145, p. 1).

Plaintiff argues that this testimony is essential for the Court and the jury to understand what Plaintiff was subjected to by the sadistic removal of the catheter. The expert could also bring to light the psychological effects Plaintiff suffered.

### 2. Defendants' Opposition

Defendants argue that an independent medical expert is not necessary for several reasons. First, "Plaintiff has provided no evidence that he has suffered an injury from avulsion or penetration, and there is no indication in his medical records that he suffered such an injury…. Instead, as reported by the urologist at Tri-City Medical Center, Plaintiff's priapism was likely secondary to his medication and/or urinary retention." (ECF No. 148, p. 2).

Second, Defendants have already provided the opinion of a medical expert who has also concluded that Plaintiff's priapism was likely secondary to his medication and/or urinary retention.

Third, Defendants argue that the trier of fact does not require a medical expert to determine whether Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Finally, Defendants point out that there are no independent medical experts that work for the Court. Therefore, if the Court appoints a medical expert, the parties must compensate the expert. Defendants argue that Plaintiff would likely be unable to pay for an expert, and thus Defendants would bear the cost. In a situation such as this, where the government would likely bear the cost of the independent expert witness, the Court should exercise caution in appointing such a witness.

### 3. Legal Standards

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. See Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). In relevant part, Rule 706(a) states that, "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed…" Fed. R. Evid. 706(a). While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706(c)(2); Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002), Rule 706 is not a means to avoid the *in forma pauperis* statute's "prohibition against using public funds to pay for the expenses of witnesses," Manriquez v. Huchins, 2012 WL 5880431, at *12 (E.D. Cal. 2012), nor does Rule 706 "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties," Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. 2013).

"Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." Johnson v. Cate, 2015 WL 5321784, at *2 (E.D. Cal. 2015) (citations omitted).

///

### 4. Discussion

The Court will not appoint a medical expert in this case. The most important factor is whether the appointment will promote accurate fact finding, and Plaintiff has failed to show that it would. Plaintiff alleges that "[a]n expert can present the courts with two ways Plaintiff suffered injury. By yanking on a catheter injury could be an <u>Avulsion</u> while tube catheter was not properly deflated. Another type of injury is where Defendant Scharffenberg shoved the Catheter back into penile hole which is <u>Penetration!</u>" (ECF No. 145, p. 1). However, Defendants are correct that Plaintiff has not submitted any evidence in support of his motion (such as his medical records) showing that he may have suffered an injury from an avulsion or penetration.

Additionally, Plaintiff alleges that his medical records dispute Defendants' contentions, and Plaintiff may submit those records in opposition to Defendants' motion for summary judgment. Plaintiff has not argued that the Court will be unable to understand or interpret those records without the assistance of an independent expert. Moreover, Plaintiff does not need an expert to testify that defendant Scharffenberger shoved the catheter back into his penile hole. As this allegation is related to Plaintiff's experience, it appears that Plaintiff will be able to provide this testimony himself.

Furthermore, Plaintiff's request makes it clear that he is hoping for an expert witness to advocate for his position. This is not a proper use of the rules providing for a neutral expert. As discussed above, this rule is not to be used for the purpose using public funds to pay for Plaintiff's witnesses.

Accordingly, the Court finds that Plaintiff has failed to establish that an expert witness is necessary or significantly useful in the Court's consideration of Defendants' motion for summary judgment.

///
///
///
///

**III. ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the Court to appoint an independent medical expert witness is DENIED.

IT IS SO ORDERED.

Dated: **October 17, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE